662 S.E.2d 591

In the Matter of Richard Allen McDOWELL, Sr., Respondent.

No. 26499.

Supreme Court of South Carolina.

Submitted April 25, 2008.

Decided June 2, 2008.

372

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Philip Christopher Smith, Jr., of Law Offices of Desa Ballard, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or the imposition of a definite suspension not to exceed two years. We accept the Agreement and impose a two year suspension

from the practice of law. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

In June 2006, respondent was retained to represent Complainant A in a domestic matter. He received a partial retainer of $1,000. Subsequently, respondent learned that Complainant A had previously filed an action for divorce in Oklahoma but that the action had been set aside. Respondent represents he informed Complainant A that her situation was unique and the he would have to conduct extensive research in the matter.

During his representation of Complainant A, Complainant A was served with divorce papers from her husband in Oklahoma. Respondent represents he informed Complainant A that she needed to retain an attorney in Oklahoma to represent her in the Oklahoma action as he was not licensed to practice law in that state.

Respondent admits he failed to keep Complainant A reasonably informed about the status of her case. He further admits he failed to act diligently as he did not do any meaningful work on Complainant A's case during the five months in which he represented her. Respondent refunded Complainant A's entire retainer fee.

### Matter II

Respondent closed loans on four properties on behalf of Complainant B who was the purchaser of the properties. Respondent failed to properly record the deed on one of the properties which resulted in Complainant B not receiving a tax notice and Complainant B paying $295.94 in late fees as a result of respondent's error. Respondent failed to comply with Complainant B's reasonable request for information as he did not supply a copy of the cancelled check submitted to the clerk's office which would have prevented Complainant B from incurring late penalty fees for delinquent taxes on the property. Respondent was not properly reconciling his trust accounts and, as a result, did not discover the recording problem until contacted by the seller.

On two other property purchases, respondent used an incorrect address which resulted in Complainant B not receiving the tax notices. Complainant B discovered the problem when he went to the clerk's office to check the status of his tax notices.

## Matter III

Respondent was retained by Complainant C for purposes of a domestic action. Complainant C was an out-of-state resident who met with respondent for the first time the day before her first court appearance. Respondent failed to keep Complainant C reasonably informed regarding the status of her case and her obligations to make child support payments. Respondent failed to return Complainant C's telephone calls and to comply with reasonable requests for information.

## Matter IV

In November or December 2006, respondent was retained by Complainant D to represent Complainant D's son in a domestic matter. Respondent received $1,300 towards his fee of $1,500.

In May or June 2007, respondent was also retained to secure an official birth certificate for Complainant D. He received $500 from Complainant D as the entire fee in this matter.

Respondent failed to keep Complainant D and Complainant D's son reasonably informed regarding the status of their cases. Prior to concluding Complainant D and his son's cases, respondent closed his law firm and withdrew from the practice of law. Respondent failed to surrender papers and property to which Complainant D and his son were entitled and failed to refund Complainant D and his son any advance of fees and expenses that had not been earned or incurred.

## Matter V

In August 2006, respondent was retained to represent Complainants E in a domestic matter. Respondent was paid a $3,000 retainer. Respondent informed the Complainants that he would send a schedule of fees, a copy of his contract, and a status report within thirty (30) days. He also informed the

Complainants that he would provide a final disposition notice and a detailed bill at the conclusion of their case.

Respondent failed to keep Complainants E reasonably informed about the status of their case. He failed to promptly comply with reasonable requests for information by the Complainants and failed to provide them with documents as promised.

Prior to concluding Complainants' case, respondent closed his law firm and withdrew from the practice of law. He failed to give Complainants E reasonable notice of his intentions to withdraw from their case, failed to surrender papers and property to which they were entitled, and failed to refund any advance payments of fees or expenses that had not been earned or incurred by respondent.

### Matter VI

In June 2006, Complainant F retained respondent following a judgment discontinuing her child support for her 18-year-old daughter who was in college. Respondent was paid $1,000 to represent Complainant F in the action.

Respondent failed to keep Complainant F reasonably informed regarding the status of her case and failed to return most of Complainant F's telephone calls. Complainant F did contact respondent in October 2006. At that time, respondent informed her that he was unable to effect service on the opposing party. Complainant F had her co-worker pick up the summons from respondent and the co-worker was able to effect service on the opposing party.

Complainant F received a summons to appear in court in Richland County. Complainant F called respondent to inform him that both she and the opposing party resided in Lexington County. Complainant F took vacation time from work in order to attend the hearing. On the morning of the hearing, respondent's office contacted Complainant F and informed her that the hearing was cancelled and would be rescheduled in Lexington County.

Complainant F terminated respondent's services and demanded a refund of her money. She arranged a date and time to meet with respondent to obtain her files and a refund but when Complainant F arrived at respondent's office it was

closed, locked, and dark. Respondent failed to surrender papers and property to which Complainant F was entitled and failed to refund Complainant F any advance payment of fees or expenses that had not been earned or incurred by respondent.

## Matter VII

Respondent was retained to represent Complainant G in a domestic matter. He received a total of $6,000 as his fee. Respondent informed Complainant G that he would bill at the rate of $125.00/hour.

Respondent failed to keep Complainant G reasonably informed regarding the status of the case. He failed to comply with Complainant G's request for information and failed to render a full accounting regarding Complainant G's funds in spite of Complainant G's requests for the information. Respondent failed to surrender papers and property to which Complainant G was entitled and failed to refund to Complainant G any advance payments of fees or expenses that had not been earned or incurred by respondent.

## Matter VIII

Respondent was retained through pre-paid legal services to represent Complainant H in a property dispute matter. Respondent received a $1,000 retainer.

Respondent failed to keep Complainant H reasonably informed regarding the status of her case. Prior to concluding the case, respondent closed his office and withdrew from the practice of law. He failed to give Complainant H reasonable notice of his intentions to withdraw from Complainant H's case, failed to surrender papers and property to which Complainant H was entitled, and failed to refund Complainant H any advance payments of fees or expenses that had not been earned or incurred by respondent.

## Matter IX

Complainant I retained respondent to seek legal guardianship for Complainant I's father. Prior to concluding Complainant I's case, respondent closed his law firm and withdrew from the practice of law. Respondent failed to give Complainant I reasonable notice of his intention to withdraw from

Complainant I's case, failed to surrender papers and property to which Complainant I was entitled, and failed to refund Complaint I any advance payments of fees or expenses that had not been earned or incurred by respondent.

### Matter X

Respondent was retained to assist Complainant J in an adoption matter. Prior to concluding the matter, respondent closed his law firm and withdrew from the practice of law. Respondent failed to give Complainant J reasonable notice of his intention to withdraw from Complainant J's case, failed to surrender papers and property to which Complainant J was entitled, and failed to refund Complaint J any advance payments of fees or expenses that had not been earned or incurred by respondent.

### LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.16(d) (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client interests, such as giving reasonable notice to client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance of payment of fees or expenses that has not been earned or incurred); and Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct).

### CONCLUSION

We accept the Agreement for Discipline by Consent and impose a two year definite suspension from the practice of law.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.